# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LARRY SMITH** | **CIVIL ACTION** |
| **VERSUS** | **CASE NO. 17-11991** |
| **GREAT AMERICAN INSURANCE COMPANY, et al.** | **SECTION: "G"(2)** |

## ORDER

Pending before the Court is Plaintiff Larry Smith's ("Plaintiff") motion to remand. On February 10, 2017, Plaintiff filed a petition for damages in the 40th Judicial District Court for the Parish of St. John the Baptist, Louisiana, for injuries allegedly sustained on February 23, 2016, as a result of a motor vehicle accident. Defendants Protective Insurance Company, Anival Martinez, and Oakley Trucking, Inc. (collectively, "Defendants") removed this action from state court, asserting diversity jurisdiction pursuant to 28 U.S.C. § 1332.[1]

On November 9, 2017, finding that the notice of removal lacked sufficient information to support subject matter jurisdiction, the Court ordered Defendant to submit summary-judgment-type evidence regarding the amount in controversy at the time of removal of this case.[2] On November 22, 2017, Defendant filed a memorandum as to the amount in controversy.[3] On December 4, 2017, Plaintiff filed the instant motion to remand.[4] Defendant filed a memorandum

---

[1] Rec. Doc. 1.

[2] Rec. Doc. 7.

[3] Rec. Doc. 8.

[4] Rec. Doc. 11.

1

in opposition on December 15, 2017.[5] Having considered the motion, the memoranda in support and opposition, the petition for damages, and the applicable law, the Court will grant the motion and remand the action to state court.

## I. Parties' Arguments

### A. Defendants' Notice of Removal

In the notice of removal, Defendants assert that the amount in controversy here exceeds the value of $75,000.[6] Defendants contend that Plaintiff's medical expenses total $29,460, and that Plaintiff continues to receive treatment for injuries allegedly sustained form the car accident.[7] Defendants further contend that "[q]uantum research discloses that actions involving shoulder injuries and rib fractures, with treatment similar to that received by Larry Smith, place the amount in controversy in excess of $75,000."[8] Finally, Defendants assert that "[t]he mere fact that the Petition includes language stating that the amount in controversy does not exceed $75,000 is not sufficient to prevent the instant removal."[9]

As noted above, on November 9, 2017, this Court ordered Defendants to show cause as to why this matter should not be remanded due to the absence of diversity jurisdiction.

### B. Defendants' Memorandum in Response to November 9, 2017 Order

In Defendants' "Brief in Support of Removal," Defendants argue that Plaintiff's allegation

---

[5] Rec. Doc. 16.

[6] Rec. Doc. 1 at 3–5.

[7] *Id.* at 3.

[8] *Id.* at 4.

[9] *Id.* at 5.

that his damages amount is less than the jurisdictional threshold of $75,000 was not made in good faith.[10] Specifically, Defendants argue that when plaintiffs sue for damages below the jurisdictional threshold for the sole purpose of avoiding removal and manipulating jurisdiction, such manipulation is characterized as bad faith.[11]

Moreover, Defendants argue, "the facts and evidence in existence as of the time the Notice of Removal was filed demonstrates that the nature of plaintiff's injuries and treatment, as well as his recommended future care, place the amount in controversy over $75,000."[12] Defendants state that "Plaintiff's discovery responses are silent as to the nature of Plaintiff's injuries and diagnoses; however, Plaintiff states that his injuries related to the accident were 'severe . . . .'"[13] Defendants assert that Plaintiff's medical bills, which "represent only a limited portion of Plaintiff's extensive medical treatment," total $29,460.00.[14] Defendants also point to the nature of Plaintiff's injuries, which include a fractured sternum, fractured clavicle, fractured manubrium, fractured ribs, multiple cervical disc bulges, multiple left shoulder tendon tears, and a separated acromioclavicular joint, as well as the type of medical treatment received by Plaintiff, including left shoulder injections; MRIs of Plaintiff's lumbar spine, cervical spine, and left shoulder; and six-day hospitalization, as evidence that the amount in controversy exceeds $75,000.[15] Defendants

---

[10] Rec. Doc. 10 at 1.

[11] *Id*. at 2–3.

[12] *Id*. at 3.

[13] *Id*.

[14] *Id*. at 4.

[15] *Id*.

3

also state that Plaintiff's medical service providers recommended multiple surgeries, which will further increase Plaintiff's medical costs.[16]

In addition, Defendants assert, Plaintiff received at least six months of home health care and physical therapy; however, Plaintiff has not yet provided those records and bills to Defendants.[17] Defendants assert that they have also not received any records or bills for treatment that has taken place in the past nine months, despite the assertion that he is still receiving medical treatment for his injuries following this accident.[18]

Defendants accordingly contend that they have demonstrated by a preponderance of the evidence that Plaintiff's alleged damages exceed the jurisdictional threshold, and the burden now shifts to Plaintiff to show with "legal certainty" that his damages will not exceed $75,000.[19] Defendants argue that because Plaintiff has not executed a pre-removal stipulation that he affirmatively renounces his right to accept a judgment in excess of $75,000, Plaintiff has not met his burden, and the action was properly removed.[20]

### C. *Plaintiff's Motion to Remand*

In the motion to remand, Plaintiff argues that the petition for damages filed in state court affirmatively states that the amount in controversy does not exceed $75,000, and therefore,

---

[16] *Id*.

[17] *Id*. at 5.

[18] *Id*.

[19] *Id*. at 5–6.

[20] *Id*. at 6.

4

"[c]urrent federal law deems this to be the amount in controversy."[21] In addition, Plaintiff argues that the amount of controversy was pleaded in good faith, and Defendants have not offered any evidence that it was not pleaded in good faith.[22] Plaintiff contends that he was not required to stipulate that the amount in controversy did not exceed $75,000, and his failure to stipulate "proves nothing."[23]

Furthermore, Plaintiff argues, his medical records are irrelevant where, as here, a plaintiff, as master of the complaint in state court, explicitly pleads an amount in controversy.[24] Even if the Court considers the medical records, Plaintiff contends, "nothing in them justifies disregarding the affirmative pleading in state court regarding amount in controversy."[25] In particular, Plaintiff argues that not all of Plaintiff's medical issues appear to have resulted from the car accident, and therefore, the cost of any such medical treatment for unrelated injuries is not part of the amount in controversy in this litigation.[26]

Plaintiff further contends that seeking damages for various categories of injury, such as "severe and disabling injuries," "pain and suffering," and "property damage," without reference to particular injuries or amounts sought for them, is insufficient to support removal.[27] Moreover, Plaintiff argues that it is "facially apparent" in this case that the amount in controversy does not

---

[21] Rec. Doc. 11-1 at 1.

[22] *Id.* at 2–3.

[23] *Id.* at 4–5.

[24] *Id.* at 5–6.

[25] *Id.* at 6.

[26] *Id.* at 6–7.

[27] *Id.* at 7.

meet the jurisdictional requirement for federal court based on the amount pled in the state court pleading.[28]

### D. *Defendants' Arguments in Opposition to Plaintiff's Motion to Remand*

In opposition to Plaintiff's motion to remand, Defendants argue that Plaintiff misstates the law regarding whether Plaintiff's statement in the Petition for Damages that he is seeking less than $75,000 controls.[29] Citing a case in the Eastern District of Louisiana, Defendants argue that "allegations in a Louisiana state court petition as to the amount in controversy—where they do not unambiguously stipulate to capped damages and waive recovery above the capped amount—cannot preclude removal."[30] Moreover, Defendants argue that "in Louisiana, plaintiffs are specifically precluded from pleading a specific dollar amount as to damages and thus any inquiry into the amount in controversy is gleaned by the facts of the case."[31] According to Defendants, limiting language must create an irrevocable stipulation as to the value of the case to preclude removal.[32] In this case, Defendants argue, Plaintiff's statement in the petition that "the amount in controversy in this case does not exceed $75,000, exclusive of interests and costs," is insufficient.[33]

Defendants argue that their burden is met by "citing to caselaw involving similar facts, injuries, and/or treatment where the plaintiffs therein recovered in excess of the jurisdictional

---

[28] *Id*. at 7–8.

[29] Rec. Doc. 16 at 1.

[30] *Id*. at 1–2 (citing *Jacobs v. Dun & Bradstreet, Inc.*, 08-3592, 2009 WL 211098, at *1-2 (E.D. La. Jan. 27, 2009)).

[31] *Id*. at 2.

[32] *Id*.

[33] *Id*.

6

threshold."[34] Defendants refer to their Brief in Support of Removal in arguing that the nature and extent of Plaintiff's alleged injuries and treatment indicate that the amount in controversy is greater than $75,000.[35] Defendants conclude that "[r]eview of Plaintiff's alleged injuries and treatment, as well as prior awards by courts for similar issues, is sufficient to determine whether the amount in controversy requirement is established."[36]

## II. Applicable Law

A defendant may generally remove a civil action filed in state court if the federal court has original jurisdiction over the action.[37] The removing party bears the burden of demonstrating that federal jurisdiction exists.[38] In assessing whether removal was appropriate, the Court is guided by the principle, grounded in notions of comity and the recognition that federal courts are courts of limited jurisdiction, that "removal statute[s] should be strictly construed in favor of remand."[39] The Court must remand the case to state court "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction."[40]

The Supreme Court has stated, "The rule governing dismissal for want of jurisdiction in cases brought in the federal court is that, unless the law gives a different rule, the sum claimed by

---

[34] *Id.* at 3.

[35] *Id.* at 3–4.

[36] *Id.* at 4.

[37] *See* 28 U.S.C. § 1441(a).

[38] *See Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

[39] *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

[40] 28 U.S.C. § 1447(c).

the plaintiff controls if the claim is apparently made in good faith."[41] Likewise, under Fifth Circuit law, when the plaintiff alleges a damage figure in excess of the required amount in controversy, "that amount controls if made in good faith."[42] If the plaintiff pleads damages less than the jurisdictional amount, this figure will also generally control, barring removal.[43] "Thus, in the typical diversity case, the plaintiff remains the master of his complaint."[44]

When the plaintiff has alleged an indeterminate amount of damages, the Fifth Circuit requires the removing defendant to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.[45] A defendant satisfies this burden either: "(1) by demonstrating that it is facially apparent that the claims are likely above $75,000, or (2) by setting forth facts in controversy—preferably in the removal petition, but sometimes by affidavit—that support a finding of the requisite amount."[46] The defendant must do more than point to a state law that might allow the plaintiff to recover more than the jurisdictional minimum; the defendant must submit evidence that establishes that the actual amount in controversy exceeds $75,000.[47]

When the plaintiff has not alleged a determinate amount of damages but has specifically alleged that his respective damages will not exceed the jurisdictional amount, "[t]he face of the

---

[41] *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938).

[42] *Allen*, 63 F.3d at 1335.

[43] *Id.*

[44] *Id.*

[45] *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882 (5th Cir. 2000); *see also Simon*, 193 F.3d at 850; *Allen*, 63 F.3d at 1335.

[46] *Simon*, 193 F.3d at 850 (quoting *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295 (5th Cir. 1999)); *see also Allen*, 63 F.3d at 1335.

[47] *See De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995).

plaintiff's pleading will not control if made in bad faith."[48] Recognizing that "[t]he majority of states now . . . do not limit damage awards to the amount specified in the . . . state pleading," the Fifth Circuit acknowledges that "[t]hese new rules have created the potential for abusive manipulation by plaintiffs."[49] Accordingly, the Fifth Circuit has held that "if a defendant can show that the amount in controversy actually exceeds the jurisdictional amount, the plaintiff must be able to show that, as a matter of law, it is certain that he will not be able to recover more than the damages for which he has prayed in the state court complaint."[50] Moreover, "the plaintiff's claim remains presumptively correct unless the defendant can show by a preponderance of the evidence that the amount in controversy is greater than the jurisdictional amount;" then "it must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal."[51] A plaintiff's "legal certainty" obligation may be met in various ways, including by pointing to a state statute that prohibits recovery of damages that exceed those requested and prohibits the amount to be later increased by amendment, or by filing a binding stipulation that the plaintiff will not accept a judgment in excess of $75,000.[52]

Finally, the jurisdictional facts that support removal "must be judged at the time of the removal, and any post-petition affidavits are allowable only if relevant to that period of time."[53]

---

[48] *De Aguilar v. Boeing Co.*, 47 F.3d at 1410.

[49] *Id*.

[50] *Id*. at 1411.

[51] *Id*. at 1412.

[52] *Id*.

[53] *Allen*, F.3d at 1335.

## III. Analysis

Plaintiff argues that as the master of his own complaint, his statement in the petition for damages that the amount in controversy in this case does not exceed $75,000 controls if made in good faith, and Plaintiff argues that Defendant has not pointed to evidence that the statement was not made in good faith. Defendants argue, where a statement in state court pleadings is not determinative, the amount in controversy is gleaned by the facts of the case, and here, the facts demonstrate that Plaintiff is seeking damages in excess of $75,000. Furthermore, Defendants argue that allegations in a Louisiana state court petition as to the amount in controversy must unambiguously stipulate to capped damages and waive recovery above the capped amount to preclude removal, and Plaintiff's statement falls short of that requirement.

Under Fifth Circuit law, when a plaintiff alleges an indeterminate amount in damages but asserts that his damages do not exceed the jurisdictional amount, the defendant must show by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount.[54] If the defendant is successful, then "it must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal."[55] Contrary to Defendants' argument that once they have demonstrated by a preponderance of the evidence that Plaintiff's alleged damages exceed the jurisdictional threshold, the burden shifts to Plaintiff to show with legal certainty that his damages will not exceed $75,000, the Fifth Circuit "emphasize[s] that this is not a burden-shifting exercise."[56] Moreover, "once a defendant is able to show that the amount in controversy

---

[54] *De Aguilar v. Boeing Co.*, 47 F.3d at 1412.

[55] *Id.*

[56] *Id.*

exceeds the jurisdictional amount, removal is proper, provided plaintiff has not shown that it is legally certain that his recovery will not exceed the amount stated in the state complaint."[57]

Here, Plaintiff states in his petition for damages that the amount in controversy in this case does not exceed $75,000 but did not allege a specific amount in damages. Therefore, Defendants must show by a preponderance of the evidence that that Plaintiff's alleged damages exceed the jurisdictional threshold. Defendants argue that based on Plaintiff's medical bills totaling $29,460.00, and the extent of Plaintiff's diagnoses and recommended treatment, Plaintiff's alleged damages will exceed $75,000. However, Defendants must set forth facts in controversy to carry their burden of showing that the requisite jurisdictional amount is met.[58]

Defendants' speculation that the nature of Plaintiff's injuries will require additional medical costs totaling more than $75,000 does not constitute facts. Additionally, Plaintiff states in his motion to remand that some of his injuries may not have been caused by the car accident, and therefore, the costs associated with those unrelated injuries are not part of the amount in controversy. Defendants, in turn, do not point to any facts that would distinguish which of Plaintiff's injuries were caused by the car accident and would therefore be relevant to this action. Accordingly, Defendants' argument that the nature of Plaintiff's injuries generally indicate that the amount in controversy exceeds $75,000 is overly broad and cannot satisfy the preponderance-of-the-evidence standard. Furthermore, the jurisdictional facts that support removal "must be judged at the time of the removal."[59] To the extent that Plaintiff's alleged damages will exceed

---

[57] *Id.*

[58] *Simon*, 193 F.3d at 850; Allen, 63 F.3d at 1335.

[59] *Allen*, F.3d at 1335.

11

$75,000 based on facts not yet in existence, Defendants' removal is premature.

Finally, Defendants do not provide specifics as to any other claim for damages alleged by Plaintiffs that would establish that the amount in controversy requirement is met. Defendants cite to a string of Louisiana state court cases to demonstrate that courts have awarded general damages in excess of $75,000 in cases where, Defendants argue, the plaintiff suffered similar injuries.[60] However, the burden is on "the removing defendant [to] prove by a preponderance of the evidence that the amount in controversy exceeds $75,000."[61] By pointing to cases where plaintiffs recovered general damages in excess of $75,000, Defendants have merely exemplified the amount in damages that Plaintiff could recover; yet, Defendants wholly ignore cases involving similar injuries where plaintiffs received general damages less than $75,000.[62] Moreover, Defendants' comparative exercise only demonstrates that a range of general damages exists for cases involving similar injuries, with a low end that is less than $75,000 and a high end that is more than $75,000. To the extent "[t]he Fifth Circuit has explained a 'could well' standard sounds more like a 'possibility' standard of proof, rather than a 'more likely than not' standard," Defendants' speculation of general damages that Plaintiff could recover is insufficient.[63]

---

[60] *Id.* at 10–13.

[61] *Gebbia*, 233 F.3d at 882.

[62] *See, e.g., Clements v. Allstate Ins. Co.*, No. 10985 (La. App. 4 Cir. 5/13/80); 383 So. 2d 1375, 1379, writ denied, 385 So. 2d 793 (La. 1980) (holding that $20,000 in general damages in case involving rib fractures, among other injuries, was appropriate); *see also, e.g., Morris v. United Servs. Auto. Ass'n.*, No. 32,528 (La. App. 2 Cir. 2/18/00); 756 So. 2d 549, 563 (holding that $25,000 in general damages in case involving a rib fracture, back and neck pain was reasonable); *see also, e.g., Johnson v. State Farm Ins. Co.*, No. 2009-667 (La. App. 3 Cir. 12/9/09), 27 So. 3d 307, 311 (holding that an award of $5,000 in general damages in case involving a rib fracture, broken finger, and a concussion was not an abuse of the trial court's discretion).

[63] *Lee v. Standard Fire Ins. Co.*, No. CV 17-1088, 2017 WL 2983234, at *4 (E.D. La. July 7, 2017) (Brown, J.) (citing *Allen,* 63 F.3d at 1336).

## V. Conclusion

For the reasons stated above, Defendants have not met their burden of establishing that the actual amount in controversy exceeds $75,000. Applying *De Aguilar v. Boeing*, the Court need not consider whether it appears to a legal certainty that the amount in controversy is less than $75,000.[64] Moreover, it appears based on the facts and evidence at the time of removal, this Court lacks subject matter jurisdiction over this action.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand[65] is **GRANTED**.

**IT IS FURTHER ORDERED** that the above-captioned matter is **REMANDED** to the 40th Judicial District Court for the Parish of St. John the Baptist, State of Louisiana.

**NEW ORLEANS, LOUISIANA**, this 2nd day of January, 2018.

*Nannette Jolivette Brown*
_____
**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[64] *See* 47 F.3d at 1411.

[65] Rec. Doc. 11.